# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LOWELL MIDDLETON,
        Appellant,

    v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-1221-19-0135-W-1

DATE: June 26, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lowell Middleton, Manassas, Virginia, pro se.

Gabriela Coronado, Esquire, Quantico, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal with prejudice for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant filed an IRA appeal with the Board using the Board's e-Appeal system. Initial Appeal File (IAF), Tab 1 at 2, 5. On November 26, 2018, the administrative judge issued an order to show cause to the appellant to provide evidence and argument that the Board has jurisdiction over his appeal. IAF, Tab 3 at 4. The administrative judge ordered the appellant to respond within 10 calendar days. *Id.* at 4. The administrative judge received no response. On December 19, 2018, the administrative judge ordered the appellant to respond to the jurisdictional order within 7 calendar days. IAF, Tab 4 at 1-2. The administrative judge again received no response.

The deadline to respond to the administrative judge's second order fell during the partial Government shutdown of 2018-19 during which the Merit Systems Protection Board was closed. After the Merit Systems Protection Board reopened, the administrative judge issued another order to respond on January 30, 2019, providing the appellant until February 4, 2019, to respond to the previous jurisdictional order. IAF, Tab 5 at 1. Again, the administrative judge received no

response. Both the December 19, 2018 and January 30, 2019 orders warned the appellant that his failure to respond would result in a dismissal of his case with prejudice. IAF, Tab 4 at 1-2, Tab 5 at 1.

The administrative judge issued an initial decision dismissing the appeal with prejudice for failure to prosecute. IAF, Tab 6, Initial Decision (ID) at 1. He found that the appellant had failed to demonstrate basic due diligence in prosecuting the appeal by failing to respond to his orders. ID at 3. In reaching this conclusion, the administrative judge found that, despite the appeal being pending for over 2 months, there had been "no indicia from the appellant [that] he intends to pursue his claim." *Id.*

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. He asserts that he responded to all three of the administrative judge's orders: on December 21, 2018, February 1, 2019, and February 4, 2019. *Id.* at 1. The appellant states that, because he "did not see any contact information or a mechanism to respond on the site," he sent his response to agency counsel, whose mailing address was listed on the certificates of service. *Id.* He argues that agency counsel failed in her professional duty to forward his responses to the administrative judge or advise him on filing procedures.

## DISCUSSION OF ARGUMENTS ON REVIEW

Dismissal for failure to prosecute is an extreme sanction that may be imposed if a party fails to prosecute or defend and appeal. *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000). The imposition of such a severe sanction, however, must be used only when necessary to serve the ends of justice, such as when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in his efforts to comply. *Id.* Ordinarily, the Board will not reverse an administrative judge's determination regarding sanctions absent a showing of abuse of discretion. *Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008).

In this case, it appears that the appellant did not file responses to the administrative judge's orders because he did not understand how to make an electronic submission, and he did not know the mailing address for the regional office. PFR File, Tab 1 at 1. Instead, he served these documents on the agency in hopes that agency counsel would forward them to the Board for docketing.[2] *Id.* We find that this course of action did not manifest basic due diligence. The Board expects agency counsel to deal fairly and professionally with appellants, particularly pro se appellants. However, we find no indication that agency counsel in this case engaged in any sort of procedural gamesmanship or intentionally hid anything from the Board in hopes of taking advantage of the appellant. Although the appellant contacted agency counsel by email on the dates that he indicated, nothing in that correspondence resembles a customary response to a jurisdictional or show cause order. Nor did the appellant ask agency counsel for help or inform her that he was experiencing difficulties until after the initial decision had already been issued. PFR File, Tab 7 at 21. We therefore doubt that it would have occurred to agency counsel to forward this correspondence to the administrative judge or otherwise provide the appellant with appropriate nonsubstantive assistance. *Id.* at 14-40.

Furthermore, the appellant could have located the mailing address for the regional office by referring to either the acknowledgment order or the initial appeal form, but he did not. IAF, Tab 1 at 8, Tab 2 at 8. The initial appeal form and acknowledgment order also contained the telephone and fax numbers for the regional office, IAF, Tab 1 at 8, Tab 2 at 8, but the appellant does not allege that he attempted to file his responses by facsimile or to call the regional office and ask for assistance. All of this contact information is also available publicly, and

[2] The agency did not file any submissions during the proceedings below, and it did not respond to the petition for review. In light of this, the Clerk of the Board issued an order to show cause, directing the agency to give an account of its version of events and file any relevant evidence in its possession, including copies of any documents that the appellant sent to agency counsel. PFR File, Tab 5. The agency responded to this order. PFR File, Tab 7.

we find that, if the appellant had proceeded with basic due diligence, he could have resolved his problem sometime during the 73 days that the administrative judge was waiting for his response.

The record shows that the appellant failed to file responses to three consecutive orders (and for that matter filed no submissions at all) over a 73-day period. The appellant was also warned repeatedly by the administrative judge that failure to respond to his orders could be grounds for dismissal. Under these circumstances, we find that the sanction imposed did not constitute an abuse of discretion. *See Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶¶ 9-12 (2011).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.